IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

FIRST SPECIALTY INSURANCE CO.,

    Plaintiff

vs.                                              Case No. 06-CV-2077 JWL/DJW

WARD NORTH AMERICA, INC.,

    Defendant.

## **PROTECTIVE ORDER**

This cause comes on for hearing upon the Joint Motion for Protective Order of the Plaintiff and the Defendant. The parties are in agreement and the Court finds:

1. That there is pending in this case a suit entitled *First Specialty Insurance Co. v. Ward North America, Inc.*, Case No. 06-2077-JWL;

2. That certain discoverable or potentially discoverable information involves commercial and proprietary information;

3. Therefore, a Protective Order is necessary pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

ACCORDINGLY, IT IS HEREBY ORDERED that:

This Protective Order shall apply to the following information:

1. Any and all information and documents pertaining to Plaintiff and Defendant's insurance claims handling policies, procedures, and practices;

2. Any and all personnel files with respect to employees of Plaintiff and Defendant; and

3.	Any and all financial information and financial agreements, including but not limited to ownership, sale and transfer of assets, regarding Plaintiff and Defendant and their past, present and future agents, representatives, principals, attorneys, affiliates, parent corporations, subsidiaries, divisions, partnerships, officers, trustees, directors, shareholders, employees, independent contractors, servants, predecessors and successors in interest, and heirs, executors, and assigns.

4.	Any information regarding the parties to the underlying action that was not part of the public record.

### Designation of Confidential Information

5.	That all of the aforementioned information and documents produced by the Plaintiff and Defendant for inspection by any party to this action shall be deemed confidential and subject to the provisions of this Order pending such further designation of confidentiality as herein provided.  Access to the documents so designated shall be limited to the persons listed in Paragraph 6 of this Order and subject to the restrictions set forth in Paragraph 7 of this Order.

### Designation of Persons Having Access to Confidential Information

6.	That the only persons permitted access (subject to the restrictions of Paragraph 7 of this Order) to the information and documents covered by this Order shall be as follows:

    a.	This Court;

    b.	The attorneys of record of the parties in this action; their associates and consulting attorney; and employees of attorneys to whom it is

        necessary to show this material for the purpose of preparing this action, and certified court reporters retained to transcribe deposition or trial testimony;

    d.    Persons having personal knowledge of relevant facts who are consulted or interviewed by attorneys for the parties to the action in preparation of the litigation.

    e.    Any person to whom it is necessary to show this material for the purpose of preparing this action.

### Treatment of "Confidential" Information

7.    That disclosure of the confidential documents to those persons designated in Paragraph 6 of this Order shall be subject to the following restrictions:

    a.    Confidential information shall not be given, shown or be available, discussed, or otherwise communicated to anyone without informing that person of the contents of this Order; the party communicating confidential information shall place on the first page of any document, if it is not already so indicated, the following:  "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" or if no document is provided, inform the recipient of the information in writing of the existence and terms of this Order.

    b.    All persons to whom confidential information is disclosed shall use that information solely for the purpose of this action.

  c. No confidential information may be disclosed in any pleading or any other item filed with the Court without permission of the Court. In the event a party wishes to use any information identified as Confidential, including any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information. In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[1]

  d. Nothing in this Order shall restrict the use of the confidential information in a hearing or trial in this matter other than the party intending to use such information must notify all other parties of the proposed disclosure at least five (5) days prior to any hearing or trial.

### General Provisions

8. The production of any documents claimed by the Plaintiff or Defendant to be confidential shall not constitute a waiver of any privilege or objections to the release of such information.

9. Not later than thirty (30) days following the conclusion of this matter, either by settlement, entry of final judgment, or final disposition of any appeal, whichever comes

---

[1] *See, e.g.*, *Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

first, counsel for each party shall, in writing, request each person to whom that party has provided this confidential information to return that information to the producing party. That party shall promptly (a) return to the producing Plaintiff or Defendant all confidential information in those portions of all documents or memoranda that contain confidential information or, in the alternative, destroy such documents; (b) notify the Plaintiff or Defendant in writing that such returned instruction is complete; (c) inform the Defendant or Plaintiff, in writing, of the identity of any persons to whom the party provided confidential information.

10. Nothing in this Order shall prevent any party to this action from objecting to discovery which it believes to be otherwise improper, or to the use of any evidence at any proceeding at trial.

11. Nothing in this Order shall prevent any party to this action from seeking from the Court alternative procedures to govern the disclosure of materials sought in discovery.

IT IS SO ORDERED, this 22nd day of August, 2006.

<u>s/ K. Gary Sebelius.</u>
K. Gary Sebelius
U.S. Magistrate Judge